**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| In re:<br><br>CHAD HOWARD WEST,<br><br>                Debtor. | Case No. A10-00852-HAR<br>Chapter 7<br><br>**Filed On**<br><br>**5/3/11** |

## MEMORANDUM REGARDING MOTION TO REOPEN

Afshan S. Mohammad seeks to reopen this case "for the limited purpose of pursuing Mr. West in a personal injury case to the extent of his automobile insurance coverage with Allstate Insurance."

Mr. Coe, attorney for Mr. Mohammed, alleges that Allstate Insurance Company seeks dismissal of Ms. Mohammed's claim based upon Mr. West's discharge in bankruptcy. Such a dismissal would be clearly erroneous under Ninth Circuit Bankruptcy Appellate Panel precedent and 11 U.S.C. §524(e). Mr. West's discharge has no effect on Allstate's liability under its insurance policy. Allstate has not been discharged.[1] That has been the law in this district for many years.

A bankruptcy court generally has no jurisdiction over personal injury actions. I do not want to intervene or interfere with the state court proceedings to assert my view of the law. Because the bankruptcy case has been closed, there is no stay in effect. Mr. Coe is free to pursue his remedies against the debtor to the extent of Allstate's coverage. No comfort order is needed to do so. He has the ability to pursue the claim without the special permission of this court. Therefore, his motion to reopen will be denied.

DATED: May 3, 2011.

   /s/ Herb Ross
HERB ROSS
United States Bankruptcy Judge

Serve: Charles W. Coe, Esq., 810 West 2nd Avenue, Anchorage, Alaska 99501
Jerald L. Marcey, Esq., 310 K Street, Suite 306, Anchorage, Alaska 99501
Marvin H. Clark, Jr., Esq.
Larry Compton, Case Trustee
U. S. Trustee
Case Manager
            5/3/2011

---

[1] Patronite v. Beeney (In re: Beeney), 142 B.R. 360 (9th Cir. B.A.P. 1994).